**FOIA # 1.b**

Scott Parker
Director of Investigations
Republican National Committee
310 First St. SE
Washington, D.C. 20003
202-863-5122
Sparker@gop.com

December 4, 2015

RE: FREEDOM OF INFORMATION ACT REQUEST

VIA CERTIFIED MAIL

FOIA Officer
Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

Dear FOIA Officer:

This is a request under the Freedom of Information Act.

For the purpose of this request, the following State Department officials will hereinafter be referred to collectively as "DESIGNATED OFFICIALS:"

- Secretary of State
- Chief of Staff
- Deputy Secretary of State
- Under Secretary of State for Management
- Under Secretary for Public Diplomacy and Public Affairs
- Assistant Secretary, Bureau of Public Affairs
- Principal Deputy Assistant Secretary, Bureau of Public Affairs
- State Department Spokesperson
- Legal Advisor, Office of the Legal Advisor
- Counselor, Counselor of the Department
- Director, Office of Information Programs and Services
- Transparency Coordinator[1]

For the purpose of this request, the following email accounts will hereinafter be referred to collectively as "DESIGNATED INDIVIDUALS:"

- Cheryl Mills, cdmillsGroup
- Huma Abedin, Personal Chief of Staff, Hillary For America
- Jake Sullivan, Senior Policy Advisor, Hillary For America
- John Podesta, Chairman, Hillary For America
- Robby Mook, Campaign Manager, Hillary For America

---

[1] This position was not created until September 8, 2015, and has only been held by Amb. Janice Jacobs

- Jennifer Palmieri, Communications Director, Hillary For America
- Nick Merrill, Traveling Press Secretary, Hillary For America
- Tony Carrk, Research Director, Hillary For America
- Marc Elias, General Counsel, Hillary For America
- David Kendall, Counsel to Hillary Clinton
- Heather Samuleson, Counsel to Hillary Clinton
- David Brock, Founder Media Matters
- Maura Pally, Senior Vice President, Bill, Hillary, and Chelsea Foundation

The records I request can be described as follows:

Any and all records, emails, attachments, and data of any nature, in any format, that were sent to, received from, or otherwise exchanged between any DESIGNATED OFFICIALS and any DESIGNATED INDIVIDUALS.

The scope of this FOIA request is inclusive of any common variations of the names or terms provided above. The timeframe of this request is from February 1, 2013 through the date upon which this request is received. My request applies to all individuals that held any of the aforementioned positions (including in an "acting" capacity) within the timeframe of my request, limited to the time period during which they held said position. For non-Department of State job titles, the job titles provided are for assistance in identification purposes only, and my request is not limited to only when an individual is acting in the capacity of the identified position.

In order to help you determine my status to assess fees, you should know that I am requesting on behalf of the Republican National Committee (RNC) and this information is not primarily in the commercial interest of the RNC.

I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this limit, please inform me first. However, I would also like to request a waiver of all fees in that the disclosure of the requested information is primarily in the public interest and will contribute significantly to the public's understanding of the operations of the Department of State.[2]

The Department of Justice recommends that each federal agency employ six factors to determine whether a fee waiver is appropriate in a FOIA request.[3] The first such factor is "whether the subject of the requested records concerns 'the operations or activities of the government.'"[4] The records requested here go directly to the correspondence and actions of agency personnel as they operated in their official capacities.

The second factor is "whether the disclosure is 'likely to contribute' to an understanding of government operations or activities."[5] Here a primary focus is on the present availability of the information and whether it has previously been released to the public.[6] To the best of the requestor's knowledge, the vast majority of the information contained in the requested records has never been publicly disclosed nor appeared in news reports.[7] The generally undisclosed nature of the records,

---

[2] *See* 5 U.S.C. § 552(1)(4)(A)(iii).
[3] *See FOIA Update*, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[4] *Id.*
[5] *FOIA Update*, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[6] *See, e.g., Monaghan v. FBI*, 506 F. App'x 596, 598 (9th Cir. Jan 28, 2013) (prior availability of records linked to whether they are likely to contribute to public understanding); Judicial Watch, Inc. v. DOJ, 365 F.3d 1108, 1127 (D.C. Cir. 2004)(emphasizing that requester should address whether information is already in the public domain).
[7] At least portions of the requested records do appear to be the subject of FOIA requests by other private parties, though this has not generally lead to public release by the State Department.

however, make them very likely to contribute to the understanding of the government operations that it describes.

The third factor is "whether the disclosure of the requested information will contribute to 'public understanding.'"[8] This turns on "whether the requester will disseminate the disclosed records to a reasonably broad audience of persons interested in the subject."[9] The RNC is in a position to make the information widely available. It has an extensive history of publications on its website, GOP.com, and its members and affiliates regularly interact with and appear on national media outlets. Thus, the RNC not only has the desire to furnish these records to a broad audience, but has a substantial ability to do so.[10]

Fourth, an agency is directed to consider "whether disclosure is likely to contribute 'significantly' to public understanding of government operations or activities."[11] In determining the significance of the contribution, an important element is media attention and public interest in the material. Widespread media attention of an issue greatly increases the likelihood that additional information would significantly contribute to the public's understanding of the government operation or activity in question.[12] As previously noted, the RNC is well positioned to bring media attention to an issue and routinely engages with issues of public import that garner substantial press coverage.

The fee waiver guidance next looks at the question of "whether the requester has a commercial interest that would be furthered by the requested disclosure."[13] The RNC is not a corporation or business that exists to pursue profits or actively participate in the commercial sphere. There is no readily identifiable commercial interest of the RNC to which this information pertains.

Should your agency determine, however, that some commercial interest exists, it would then have to turn to the final factor: "whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is 'primarily in the commercial interest of the requester.'"[14] Given the RNC's significant ability to contribute to the public discourse on matters of national significance, any potential commercial interest would be dwarfed in comparison to the public interest in the disclosure of such information.

Where exemptions to the Freedom of Information Act are discretionary, I ask you not withhold such records, even if they might qualify for withholding under the law. If you withhold any records as exempt, please redact the exempted portions and release the remainder of the records. In any case where you withhold any records, please explain in writing any such denial. Please release all reasonably segregable material.


///
///
///

---

[8] *FOIA Update*, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[9] *Carney v. DOJ*, 19 F.3d 807, 814 (2d Cir. 1994).
[10] *See, generally, Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs*, 241 F. Supp. 2d 1342, 1366 (D.N.M. 2002)(stating that when applying the fee waiver standard, it is relevant to consider the ability of the requester to disseminate information).
[11] *FOIA Update*, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[12] *Pederson v. RTC*, 847 F. Supp. 851, 855 (D. Colo. 1994)(finding that widespread media attention can demonstrate information's significant contribution to public understanding).
[13] *FOIA Update*, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[14] *Id.*

Thank you for your consideration of this request. Please do not hesitate to contact me should you have any questions or comments.

Sincerely,

Scott Parker
Director of Investigations
Republican National Committee
310 First St. SE
Washington, D.C. 20003
202-863-5122
Sparker@gop.com